

295 Madison Avenue
12th Floor
New York, NY 10017
Tel: (215) 576-1730
Fax: (610) 260-4447
www.flastergreenberg.com

May 20, 2024

**CHRISTOPHER J. MERRICK, ESQUIRE**
Direct Dial: (215) 279-9909
E-Mail: Chris.Merrick@flastergreenberg.com

**Via ECF**
Hon. Gregory H. Woods, U.S. District Judge
United States District Court, Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 2260
New York, NY 10007

    Re:  *Phoenix Ancient Art v. Simon Jones, et al.*
          <u>Southern District of NY Docket No. 1:24-cv-01699-GHW</u>

Dear Judge Woods:

    Our firm serves as counsel for Defendant Simon Jones Superfreight Limited (hereinafter "SJSL") in the above-referenced action. We submit this letter, in accordance with Your Honor's Individual Rules of Practice, seeking leave to file a motion to dismiss the Plaintiffs' Complaint (ECF No. 6) for three independent reasons: (1) the fraud claim against SJSL is preempted by the Montreal Convention, which is the exclusive cause of action for the alleged loss; (2) even in the absence of preemption, Plaintiffs have failed to plead a cognizable fraud claim against SJSL under New York law; and (3) *forum non conveniens*. While Plaintiffs' have not consented to dismissal, for the reasons set forth below, each of these arguments presents a meritorious basis for a motion.

**<u>Summary of Plaintiffs' Claim Against SJSL</u>**

    Plaintiffs' Complaint asserts a single common law fraud cause of action against SJSL, an international air freight forwarder. *See* ECF No. 6 at ¶¶ 2, 13, 60-65; ECF No. 23. Plaintiffs allege that, in 2018, SJSL insisted upon facilitating international air carriage of Plaintiffs' goods from New York to London. SJSL allegedly failed to note the pre-Achaemenid origin of the goods on an invoice that co-defendant Phoenix Freight Inc. d/b/a Door to Door Fine Art Services ("D2D") used when filling out customs paperwork. These paperwork deficiencies allegedly caused Plaintiffs' goods to become stopped and then seized by the U.S. Customs and Border Patrol (CPB) while in transit. Even though the goods were ultimately returned, Plaintiffs nonetheless seek various consequential damages arising out of the CPB's seizure and the resulting delay in delivery.

**<u>Plaintiffs' Fraud Claim Is Completely Preempted by the Montreal Convention</u>**

    It is unnecessary for the Court to even consider the merits of Plaintiffs' fraud claim because, under longstanding and controlling precedent, it is completely preempted by the Montreal Convention ("Convention") and untimely filed by nearly four years.

    Liability for damages arising out of international air carriage is controlled by the Convention, which "applies to all international carriage of . . . cargo performed by aircraft,"

Hon. Gregory H. Woods, U.S.D.J.
May 20, 2024
Page 2

Convention art. 1(1), and allows shippers to recover for certain injuries, *id*. arts. 17-19. As relevant here, the Convention provides that "[t]he carrier is liable for damage occasioned by delay in the carriage by air of . . . cargo" *id*. art. 19, and caps recovery for such damage to cargo at a specified "sum of . . . Special Drawing Rights per kilogramme,"*id*. art. 22(3). The scope of the Convention applies not only to airlines, but also to air freight forwarders like SJSL. *See, e.g., Indem. Ins. Co. of N. Am. v. Unitrans Int'l Corp*., 2019 U.S. Dist. LEXIS 246483, *40 (E.D.N.Y. Sept. 30, 2019). Both the United States and United Kingdom are signatories to the Convention. *See* https://www.icao.int/secretariat/legal /List%20of%20Parties/Mtl99_EN.pdf.

The Convention's explicit goal is uniformity so, like the Warsaw Convention before it, the Convention preempts "all state law claims that fall within [its] scope." *See Badar v. Swissport USA, Inc.*, 53 F.4th 739, 744 (2d Cir. 2022) (quoting *Shah v. Pan Am. World Servs., Inc.*, 148 F.3d 84, 97-98 (2d Cir. 1998)); *see also Cohen v. Am. Airlines, Inc*., 13 F.4th 240, 245 (2d Cir. 2021) (recognizing that when a plaintiff's "claims fall under the Convention, any remedy must be had pursuant to that Convention"). The Convention is self-executing and creates a federal cause of action for claims within its scope. *See id*. That federal cause of action is the *exclusive* means for pursuing such claims. *See id*. In other words, the Convention provides the *sole cause of action* under which a claimant may seek redress for his injuries. *See id*. (citing cases).

Article 29 of the Convention further defines its exclusivity as follows:

> [A]ny action for damages, however founded, whether under this Convention or in contract or in tort or otherwise, can only be brought subject to the conditions and such limits of liability as are set out in this Convention without prejudice to the question as to who are the persons who have the right to bring suit and what are their respective rights. In any such action, punitive, exemplary or any other non-compensatory damages shall not be recoverable.

Federal courts have therefore uniformly held that the Convention's preemptive scope extends to fraud claims arising out of delays in transit, including seizure of goods by the CBP. *See, e.g, Yanovskiy v. Air France*, 1999 U.S. App. LEXIS 8218, at *3 (2d Cir. 1999) (fraud claims preempted where they arose from allegations of damage and delay, as "all state law claims allegedly arising from a damaging event covered by the Convention . . . are preempted") (citing *Shah*, 148 F.3d at 97); *We CBD, LLC v. Planet Nine Private Air, LLC*, 2023 U.S. Dist. LEXIS 102029 (W.D. N.C. June 12, 2023) (fraud claims arising out of, *inter alia*, customs paperwork). Fraud claims alleging only economic harm, as Plaintiff has alleged here, likewise fall within the Convention's preemptive scope, given its overarching goal of uniformity. *See, e.g., Bloom v. Alaska Airlines*, 36 F. App'x. 278, 280-281 (9th Cir. 2002).

Plaintiffs' fraud claim therefore must be dismissed, *with prejudice*, because a Convention claim in *2024*, concerning a *2018* seizure of goods by the CBP, would be untimely by nearly four years. Under Article 35 of the Convention: "The right to damages shall be extinguished if an action is not brought within a period of two years, reckoned from the date of arrival at the destination, or from the date on which the aircraft ought to have arrived, or from the date on which the carriage stopped." *Zurich Versicherungs Gesellschaft AG v. China E. Airlines*, 2024 U.S. Dist.

LEXIS 6215, *3-4 (E.D. N.Y. Jan. 10, 2024). "[T]he limitation provision in Article 35 creates a condition to suit, rather than a statute of limitations, and is therefore not subject to tolling." *Id*. (quoting *Ireland v. AMR Corp*, 20 F. Supp. 3d 341, 345 (E.D.N.Y. 2014)). Accordingly, because Plaintiffs' only viable claim – a Convention claim - is time barred, SJSL must be dismissed from this action, *with prejudice*.

### Plaintiffs Have Failed to Allege A Viable Fraud Claim Under New York Law

Even if Plaintiffs' fraud claim were not preempted, it still would fail to state a claim against SJSL upon which relief can be granted, particularly under the heightened pleading standards of Fed. R. Civ. P. 9(b). Under New York law, which Plaintiffs contend applies, Plaintiffs must allege "a misrepresentation or a material omission of fact which was false and known to be false by [SJSL], made for the purpose of inducing the other party to rely upon it, justifiable reliance of the other party on the misrepresentation or material omission, and injury". *See Pasternack v Laboratory Corp. of Am. Holdings*, 27 N.Y.3d. 817, 825, 59 N.E.3d 485 (N.Y. 2016).

Here, as noted by QIPCO and the Court, Plaintiffs have not alleged any misrepresentation of fact by SJSL *to Plaintiffs*. Plaintiffs also have not identified any specific law or regulation that SJSL allegedly violated when it prepared its invoice. *See We CBD*, 2023 U.S. Dist. LEXIS 102029 at *33-34 (no duty on the part of carrier or forwarder to ensure accuracy or sufficiency of customs paperwork, as this is the duty of the shipper). Plaintiffs instead seek to obtain relief for an alleged misrepresentation *to the CBP* under a third-party reliance theory that the New York Court of Appeals has expressly rejected in the context of fraud claims. *See Pasternack,* 27 N.Y.3d. at 829. Accordingly, Plaintiffs' claim against SJSL fails, and must be dismissed with prejudice, because Plaintiffs' have not alleged a viable fraud claim against SJSL.

### If This Dispute Is Allowed To Proceed on The Merits, It Should Be Litigated in London

For the above reasons, SJSL contends that this case must be dismissed on the merits. However, if the Court is inclined to allow this matter to proceed, the claim against SJSL should be heard – if at all – in the King's Bench in London. SJSL's co-defendant, QICPO, has already extensively outlined why this case can and should be dismissed on *forum non conveniens* grounds. *See* ECF No. 17. SJSL - a UK company based in London with no operations nor employees in New York - will not belabor the same points here, but instead incorporates and adopts the relevant *forum non conveniens* arguments already in the record. *See also Novak v. Tucows, Inc.*, 2007 U.S. Dist. LEXIS 21269 (E.D.N.Y. Mar. 26, 2017) (forum selection clause applicable to non-signatory defendant to because claims against non-signatory were "nearly identical" to those against a signatory defendant and all of the claims arose out of the same transaction). *Villanueva v. Barcroft*, 822 F. Supp. 2d 726, 739 (N.D. Ohio 2011) (forum selection clause applicable to non-signatory defendant where signatory and non-signatory allegedly "acted in concert" to defraud).

Respectfully,

**FLASTER GREENBERG P.C.**

/s/ Christopher J. Merrick
Christopher J. Merrick