

**Nicole A. Sullivan**

7 Times Square, Suite 2900 | New York, NY 10036
Direct 212.631.4420 | Fax 212.631.4429
sullivann@whiteandwilliams.com | whiteandwilliams.com

May 20, 2024

**FILED BY ECF**:

Hon. Gregory H. Woods
United States District Judge
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 2260
New York, NY 10007

        **Re:** *Phoenix Ancient Art et al. v. Simon Jones et al.*, Docket No. 1:24-cv-01699-GHW

Dear Judge Woods:

      Defendant Phoenix Freight, Inc. ("DTD") plans to file a motion to dismiss Plaintiffs' claim against it for failure to state a claim upon which relief can be granted and for failing to plead fraud with specificity, pursuant to Fed. R. Civ. P. 12(b)(6) and 9(b). In further support of this request, DTD incorporates by reference all but the last paragraph of the request letter submitted by co-defendant Simon Jones. However, DTD does not join in any request to have this case transferred to London, England, or the United Kingdom.

      In addition, the Plaintiff's claim for millions of dollars in compensatory damages, consequential damages and attorneys' fees are barred by the Montreal Convention, which limits the liability of freight forwarders for loss, damage or delay to a specific and limited number of dollars per kilogram. Montreal Convention art. 22(1-3), 30, 43. This principle has consistently been applied by New York courts. *Allianz Glob. Corp. & Specialty v. MSC "Monterey",* No. 13-cv-7563-RA, 2014 U.S. Dist. LEXIS 130438, at *4 (S.D.N.Y. Sep. 16, 2014) ("A freight forwarder's responsibilities with respect to the transportation of cargo are ordinarily rather limited," as a result, the Court granted Defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) Plaintiff's allegations that the freight forwarder "failed to exercise proper care, custody, and control of the subject cargo."); *see also ABN AMRO Verzekeringen BV v. Geologistics Ams., Inc.,* 485 F.3d 85 (2d Cir. 2007) (limiting liability on the non-carrier freight forwarder to fifty United States dollars)(citing to *ABN Amro Verzekeringen BV v. Geologistics Ams., Inc.,* 253 F. Supp. 2d 757 (S.D.N.Y. 2003) ("The court noted that under New York law, a non-carrier freight forwarder...which arranges for carriage, will normally not be liable to the shipper for damage sustained during carriage unless its selection of carriers was negligent.").

      The Montreal Convention has broad pre-emptive effect, including a two-year statute of limitations and limitations period, which means that the Plaintiffs' complaint against DTD is time-barred by at least three years. Montreal Convention art. 35(1)("The right to damages shall be extinguished if an action is not brought within a period of two years, reckoned from the date of arrival at the destination, or from the date on which the aircraft ought to have arrived, or from the

date on which the carriage stopped."); *Barry v. Maroc,* No. 21-CV-8481 (GHW) (BCM), 2022 U.S. Dist. LEXIS 122225, at *8 (S.D.N.Y. July 8, 2022) (citing *Am. Home Assurance Co. v. Kuehne & Nagel (AG & Co.) KG,* 544 F. Supp. 2d 261, 263 (S.D.N.Y. 2008) (The 'two-year period of limitation 'constitutes a condition precedent — an absolute bar — to bringing suit.'")); *see also Mateo v. Jetblue Airways Corp.,* 847 F. Supp. 2d 383 (E.D.N.Y. 2012) ("The Convention's time limitation is not subject to tolling.").

Actual fraud is the only Count or Claim pled against DTD. However, Plaintiffs have failed to plead fraud with specificity against DTD, as required by Fed. R. Civ. P. 9(b). *See Valentini v. Grp. Health Inc.,* 2021 U.S. Dist. LEXIS 245807 (S.D.N.Y. Dec. 27, 2021) (granting motion to dismiss as Plaintiff's complaint failed to allege fraud with specificity); *Berman v. Morgan Keegan & Co.,* 2011 U.S. Dist. LEXIS 27867, at *41 (S.D.N.Y. Mar. 14, 2011) (dismissing the complaint as "[t]he actual fraudulent statements or conduct and the fraud alleged must be stated with particularity..."); *Rombach v. Chang,* 355 F.3d 164, 167 (2d Cir. 2004) (explaining that there is a heightened pleading standard under Fed. R. Civ. P. 9(b) to the extent that claims were based on fraud, and "nothing in the complaint explains with adequate specificity..."); *Lerner v. Fleet Bank, N.A.,* 459 F.3d 273, 291 (2d Cir. 2006) ("To satisfy this [Fed. R. Civ. P. 9(b)] pleading standard, the complaint must '(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent.'").

No allegations of misconduct are pled separately and specifically against DTD. *Apace Communs., Ltd. v. Burke*, 522 F. Supp. 2d 509, 2007 U.S. Dist. LEXIS 85082 (W.D.N.Y. 2007), *dismissed in part*, 2009 U.S. Dist. LEXIS 51744 (W.D.N.Y. June 19, 2009), *dismissed in part*, 17 F. Supp. 3d 238, 2014 U.S. Dist. LEXIS 58740 (W.D.N.Y. 2014), *dismissed*, 105 F. Supp. 3d 252, 2015 U.S. Dist. LEXIS 43010 (W.D.N.Y. 2015) (explaining that alleged fraudulent statements were not clearly described, the subject allegations were broad and conclusory, and the individual defendants were lumped together as having made allegedly fraudulent misrepresentations).

Rather, Plaintiffs' Complaint is rife with improper group pleading about the purported conduct, representations, intent and knowledge of "Defendants." *See e.g.*:

- ¶ 3: ("Defendants unscrupulously misrepresented the nature and origin of the shipped items by omitting any description . . . .);
- ¶ 61: ("Defendants insisted on controlling the shipment" and "Defendants would manage the shipment.");
- ¶ 63: ("Phoenix provided Defendants with . . . paperwork" and Plaintiffs "put the Defendants on notice . . . .");
- ¶ 65: (Defendants proceeded recklessly with their fraudulent omission and misdeclaration . . . .)"

These broad stroke allegations are not only entirely too general, but they are undercut and undermined as to DTD by the more specific allegations in the Plaintiffs' Complaint against the other defendants. Those more specific allegations plead that Plaintiffs only informed Simon Jones about the allegedly Persian/Iranian origins of the cargo (Complaint ¶ 3), and that Simon Jones did not list the Persian/Iranian origin of the cargo on the paperwork that it passed down the line to DTD. (Complaint ¶ 3). Specifically, the Complaint alleges that:

> Electrum provided **Simon Jones, Ltd.** with a fact sheet for the export of the Shipped Items that contained accurate information about their origin, but QIPCO, Simon Jones, Ltd. and DTD instead used an **invoice created by Simon Jones, Ltd.**

in which they recklessly omitted information of the Pre-Achaemenid origin of two of the Shipped Items.

(Complaint ¶ 3) (emphasis added).

Thus, Plaintiff's Complaint improperly fails to specify, segregate or describe the separate conduct, representations, intent and knowledge of the three separate and unrelated Defendants, and especially of DTD. *Zerman v. Ball*, 735 F.2d 15, 22 (2d Cir. 1984) (when there are allegations of fraud against multiple defendants, "a pleading must set forth separately by the acts complained of by each defendant."). Because the Defendants are separate and unrelated, and are not personnel working in the same entity, the permissible "group pleading" rule or exception does not apply. *Manela v. Gottlieb*, 784 F. Supp. 84, 88 (S.D.N.Y. 1992) (holding that Plaintiff's failed to meet the pleading requirement under Fed. R. Civ. P. 9(b), as "many of the allegations are made against multiple defendants lumped together and fail to distinguish among them."); *Holmes v. Allstate Corp.*, 2012 U.S. Dist. LEXIS 24883, at *69 (S.D.N.Y. Jan. 27, 2012) (explaining that Fed. R. Civ. P. "Rule 8(a) is violated where a plaintiff, by engaging in 'group pleading,' fails to give each defendant fair notice of the claims against it.")

Plaintiffs failed to plead, and especially failed to plead separately and with specificity, that that DTD made any representations or false statements to Plaintiffs or their brokers or agents or that DTD relied on any representations or false statements from DTD. *Manela*, 784 F. Supp. at 85; *Moran v. Kidder Peabody & Co.,* 609 F. Supp. 661, 665 (S.D.N.Y. 1985)("[A]llegations do no more than state generally that a fraud or misrepresentation was committed....Such all encompassing claims...do not provide the specificity required by the rule."). Plaintiffs have failed to plead, and especially have failed to plead separately and with specificity, facts showing that DTD owed Plaintiffs any fiduciary duty or duty to disclose that would make DTD liable for omitting to disclose any information about the cargo. *Royal Host Realty, LLC v. 793 Ninth Ave. Realty, LLC*, 192 F. Supp. 3d 348, 354 (S.D.N.Y. 2016)("A claim based on fraud by failure to disclose requires proof that the defendant owed a duty of disclosure to the plaintiff and breached that duty by intentionally concealing or omitting material information, resulting in an injury to the plaintiff."); *Naughright v. Weiss,* 826 F. Supp. 2d 676, 689 (S.D.N.Y. 2011) (alleging fraud against multiple defendants, "requires that a plaintiff differentiate his allegations as to each defendant.").

Moreover, allegations of fraudulent representations made to third parties, such as customs agencies, are insufficient to support a fraud claim. *See Pasternack v. Lab. Corp. of Am. Holdings*, 27 N.Y.3d 817, 825 (N.Y. 2016).

For the foregoing reasons, Defendant DTD respectfully requests permission to file a motion to dismiss Plaintiffs' complaint as against DTD, and respectfully submits that such a motion would be well-grounded and that good cause exists therefor.

Respectfully submitted,

Nicole A. Sullivan

NAS:jd
cc: All counsel of record