## Pearlstein & McCullough LLP

641 Lexington Avenue ◊ 13th floor ◊ New York, NY 10022 ◊ T: 646.762.7264 ◊ F: 866.941.7720 ◊ mmccullough@pmcounsel.com

BY ECF                                                                                                          May 25, 2024
Honorable Gregory H. Woods
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: *Phoenix Ancient Art, S.A. v. Qatar Investment and Project Holding Co., W.L.L. et al.* (24cv01699)(GHW)

Dear Judge Woods:

We represent Plaintiffs Phoenix Ancient Art, S.A. ("*Phoenix*") and Petrarch LLC dba Electrum ("*Electrum*") in the above-referenced action (the "*Action*"). We respond to the May 20, 2024 letter to the Court from counsel for Defendant Simon Jones Superfreight ("*Superfreight*") requesting a pre-motion conference regarding a proposed motion to dismiss Plaintiffs' claims in its First Amended Complaint ("*Complaint*" or "*Compl.*"). We oppose the proposed motion.

**The Montreal Convention Does Not Apply to Bar Plaintiffs' Fraud Claim**. Superfreight's reliance on the Montreal Convention (the "*Convention*") rests upon a mistaken application of the Convention and a misunderstanding of Plaintiffs' fraud claim. The Convention "applies to all international carriage of persons, baggage[,] or cargo performed by aircraft." Convention art. 1(1). Article 19 of the Convention, which deals with carrier liability for delay in the transportation of passengers, baggage, or cargo, is a continuation and modification of similar provisions that were originally found in the predecessor convention, the Warsaw Convention in Articles 19 and 20. Historically, Warsaw Convention cases concluded that "carrier" applied only to the airline carrying out the transportation. *See Pflug v. Egyptair Corp.*, 961 F.2d 26, 31 (2d Cir. 1992). "[T]he Montreal Convention, however, extended liability to other carriers- 'contracting carriers'- which provide 'indirect carriage of cargo.'" *See Indem. Ins. Co. of N. Am. v. Unitrans Int'l Corp.*, No. 21-2132, 2024 U.S. App. LEXIS 8058, *10-11 (2d Cir. Apr. 4, 2024) (citation omitted). "[A] 'contracting carrier' - that is, a company that arranges for the international transportation of cargo by engaging third-party carriers such as airlines and truckers to perform the actual carriage - is a 'carrier' for purposes of the Montreal Convention if, as a principal, it enters into the contract of carriage with a consignor." *Id.*, at *13. In this Action, Superfreight is not a "contracting carrier" because it did not issue the master air waybill to Plaintiffs as the contract of carriage. The master air waybill was issued by Defendant Phoenix Freight Inc. dba Door to Door Fine Art Services ("*DTD*") on September 10, 2018 (the "DTD Waybill"). Superfreight is named on the DTD Waybill not as a "carrier," but as the "consignee" of the shipment and is therefore not the "contracting carrier."

Even if Superfreight were a "carrier," the Convention provides it with no protections. First, Superfreight contends that the Convention applies to claims "for damage occasioned by a delay in the carriage by air of … cargo." Plaintiff's fraud claim, however, arises out of neither an international air carriage nor a delay in carriage. Superfreight's fraud occurred *before* the Shipped Items (identified in Compl., ¶¶2-4) were collected by DTD on September 11, 2018. Plaintiffs allege that: i) Superfreight, a company owned by Simon Jones, omitted to inform them of its intent to mis-declare the Shipped Items on the commercial invoice that Superfreight, on behalf of its principal, QIPCO, provided to DTD to accompany the export from the US (the "Simon Jones Invoice"), forming the basis of a false export declaration to the US government; and 2) DTD produced the DTD Waybill which indicated that the accurate commercial invoice provided by Plaintiff Phoenix Ancient Art, S.A. (the "Phoenix Ancient Art Invoice") was attached but instead DTD attached the fraudulent Simon Jones Invoice and presented it

through a false export declaration to the US Government (together, the "*Omission*"). (Compl., ¶37). The Omission occurred in the course of interactions between Plaintiff Electrum's manager, Alexander Gherardi, Simon Jones, and a DTD representative on September 6-10, 2018. (Compl.,¶¶34-37). Specifically, Superfreight and DTD failed to disclose to Plaintiffs that they did not intend to use the Phoenix Ancient Art Invoice, but rather the fraudulent Simon Jones Invoice created by Mr. Jones on September 6, 2018 that, critically, omitted any description of country of origin of the Shipped Items, such as "Pre-Achaemenid," "Greek" or "Roman."  Because the Omission happened *before* the Shipped Items were collected by DTD and the ensuing damage had nothing to do with the actual shipment, the fraud claim is not based upon an international air carriage. *See El Al Israel Airlines, Ltd. v. Tseng*, 525 U.S. 155, 171, 119 S. Ct. 662, 142 L. Ed. 2d 576 (1999) ("The Convention's preemptive effect on local law extends no further than the Convention's own substantive scope. A carrier, therefore, is indisputably subject to liability under local law for… injuries occurring before any of the operations of embarking or disembarking.").

Next, the fraud claim does not seek damages due to a delay in carriage. Article 19 covers damages "occasioned by delay." 2242 U.N.T.S. at 356. *See Benjamin v. Am. Airlines, Inc.*, 32 F. Supp. 3d 1309, 1317 (S.D. Ga. 2014) ("By its plain language, Article 19 governs only claims for delay."). Generally speaking, "[t]he cases consider 'delay' under Article 19 to mean that the air carrier properly delivered . . . persons [or baggage or cargo] to the appropriate destination but it did so in an untimely manner." *Vumbaca v. Terminal One Group Ass'n*, 859 F. Supp. 2d 343, 366 (E.D.N.Y. 2012). "[T]he plain language of Article 19 . . . indicates that it governs claims for delay, not non[-]performance." *Salamey v. Am. Airlines, Inc.*, No. 8:11-cv-2354-T-23MAP, 2011 U.S. Dist. LEXIS 129819, *3 (M.D. Fla. Nov. 9, 2011) (citation omitted). In the present case, Plaintiff's fraud claim alleges non-performance rather than delay.  The DTD Waybill shows that the contract for carriage was from Electrum's gallery in New York City to Superfreight's offices in Central London. The Shipped Items were stopped by HMRC, detained, and were *never delivered* to Superfreight's London office, their ultimate destination. (Compl., ¶2-4,37-44). Thus, the contract for carriage was not performed and this is not a case in which "the air carrier properly delivered … [cargo] to the appropriate destination" in "an untimely manner."  Plaintiffs' fraud claim is not encompassed by Article 19 of the Convention. (*See Wolgel v. Mexicana Airlines*, 821 F.2d 442, 444 (7th Cir. 1987) (plaintiffs' claim for nonperformance was outside Article 19's substantive scope under Article 19 and therefore not preempted).

Furthermore, under Article 19, "the carrier must prove that it took 'all precautions that in sum are appropriate to the risk, *i.e.*, measures reasonably available to defendant and reasonable calculated, in cumulation, to prevent the subject loss.'" *Rambarran v. Dynamic Airways, LLC*, 14-cv-10138, 2015 U.S. Dist. LEXIS 123762, *2 (S.D.N.Y. Sept. 16, 2015)(citation omitted). Passing a false invoice through two Customs services leading to mis-declarations made to those agencies is hardly a reasonable act of precaution.

Lastly, Superfreight contends that Plaintiffs' claim is time-barred, citing *Zurich Versicherungs Gesellschaft AG A/S/O Adidas Int'l Trading AG v. China E. Airlines Co. Ltd.*, 2024 U.S. Dist. LEXIS 6215, *1 (EDNY 2024), a case from January of this year and the first federal case to address the question of when carriage stops under the Convention in a case involving alleged cargo damage. *Id*. at *5. This case is inapplicable because Superfreight nowhere contends that damage, rather than delay, is at issue. Moreover, Plaintiffs' claim is timely.  In this Action, the Shipped Items were finally returned to Plaintiffs on October 12, 2023. (Compl., ¶44). When an air waybill provides for door-to-door delivery, the period of carriage by air generally lasts until the recipient receives the goods. *Danner v. Int'l Freight Sys. of Wash*., LLC, 2010 U.S. Dist. LEXIS 86024, *14. Here, the consignee, Superfreight never received the Shipped Item at the destination in Central London; and the consignor, Phoenix received full

2

return of the Shipped Items in New York in October 2023, well within the two-year statute of limitations.

**Plaintiffs Have Alleged A Viable Fraud Claim and Should Be Granted Limited Document Discovery to Amend Their Pleading**. With respect to the pleading of their fraud claim, Plaintiffs set forth: (i) the reasons they have stated a viable claim; and (ii) the reasons why they request that the Court grant them limited document discovery upon QIPCO and Superfreight for the purpose of obtaining a particular document, the existence of which we have recently been made aware, that would provide the basis of an amended pleading with greater specificity of the fraud that transpired in 2018.

Under New York law, the elements of a fraud cause of action consist of "a misrepresentation or a material omission of fact which was false and known to be false by [the] defendant, made for the purpose of inducing the other party to rely upon it, justifiable reliance of the other party on the misrepresentation or material omission, and injury" *Mandarin Trading Ltd. v Wildenstein*, 16 NY3d 173, 178 (2011).

As discussed above, Plaintiffs' fraud claim is based on the Omission, which induced Plaintiffs to allow the Defendants to control the export of the Shipped Items. Plaintiffs deferred to QIPCO's undertaking to "expedite" the export of the Shipped Items and relied on the extensive experience and expertise of Superfreight and DTD in the international shipping of antiquities. Plaintiffs reasonably expected that the Defendants would manage the shipment in full compliance with applicable US and UK law. Plaintiffs justifiably relied upon the Omission by agreeing to appoint DTD as its agent for filing the export declaration. Although Phoenix provided Defendants with reasonable and customary paperwork concerning the Shipped Items' origin, it had no reason to doubt that DTD would act in a commercially reasonable manner in filing the export declaration. Plaintiffs did not know or have reason to believe that Superfreight would provide DTD with the fraudulent export invoice and that DTD would present the fraudulent invoice to the US Government through a false export declaration. In fact, Mr. Gherardi had stressed to Mr. Jones that all the pertinent information about the Shipped Items must be declared to the US Government. As a result, Plaintiffs were injured in the amount of $10,179,407. (*See generally* Compl., ¶¶60-65).

We are aware of a document that bears directly on the fraud claim in this Action. The document was disclosed during the discovery process in the UK litigation, but UK court rules disallow its use here without permission for "collateral use." Our UK solicitors will apply for the permission to disclose the document in this Action, but the timing of any such grant of permission is entirely unclear. The document would enable Plaintiffs to produce a Second Amended Complaint with greater detail of the fraud claim. We, therefore, request permission for limited document discovery in this Action upon QIPCO and Superfreight for a single document that our UK counsel believes must be in their possession, as the document emanated from them.

**Superfreight's *forum non conveniens* Argument is Unavailing**. Superfreight's *forum non conveniens* argument is duplicative of QIPCO's argument in its May 6, 2024 pre-motion letter to the Court. We incorporate in this letter our contentions, which are set forth in my letter dated May 9, 2024 [ECF No. 23], as to why QIPCO may not rely on the forum selection clauses in the contracts it references.

                                              Respectfully submitted,
                                              /s/ Michael McCullough
cc: All counsel of record (via ECF)       Michael McCullough